By the Court.
 

 The three notes were the prop
 
 *359
 
 erty of Uhl and were assigned to Gugler for collection only. The latter’s written receipt therefor is conclusive proof of that fact, and Gugler’s testimony does not refute it. According to Gugler himself the notes were given to him for collection, and the proceeds were to be invested in Dollings stock; but when the collection was in fact made the Dolling Company had failed. Furthermore, the record discloses that the Dollings Company had stock in several subsidiaries, and that Uhl had never selected the particular subsidiary stock which Gugler was to buy. The verdict of the jury in favor of Uhl and against Gugler on the first trial supported the contention of Uhl that the notes were his property, and not Gugler’s, and were given to Gugler for collection only. Gugler transferred these notes to the bank as collateral for, and actually used them to pay, his pre-existing debt to the.bank, who paid no value therefor and made no inquiry touching them, although the notes had been overdue for about seven years. Later there was some shifting of this collateral, but the testimony is vague in that respect. The cashier testified that in October, 1923, these collateral notes were turned over to Gugler for collection, evidently for the purpose of having them collected and the proceeds applied to Gugler’s debt to the bank. On October 17, 1923, by a previous arrangement with Uhl, Gugler collected the face value of the notes, and deposited the proceeds to his own account, and on the following day checked out the sum of $2,853.17 in satisfaction of his pre-existing debt to the bank. Under these circumstances the bank occupied the shoes of Gugler, and, having no higher or better title than he, applied the proceeds
 
 *360
 
 of notes belonging to Uhl in the satisfaction of Giugler’s debt. Later the sum of $417.20, obtained from G-ugler by execution on his property, was applied on Uhl’s judgment against Ghigler.
 

 We are of opinion that, under authority of
 
 Osborn
 
 v.
 
 McClelland,
 
 43 Ohio St., 284, 1 N. E., 644, and from the undisputed evidence disclosed by the record, the trial court should have rendered judgment in favor of Uhl.
 

 The judgments of the lower courts will be reversed, and the cause is remanded to the court of common pleas, with instructions to enter judgment in favor of Uhl and against the bank in the sum of $3,288.13 as of November 16,1927, and for the costs taxed.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.